IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| STEVEN DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>WINDMOELLER & HOELSCHER CORPORATION,<br>Individually, and d/b/a GARANT MASCHINEN<br><br>    Defendant. | No.<br><br>FILED: APRIL 18, 2008<br>08CV2244 EDA<br>JUDGE DARRAH<br>MAGISTRATE JUDGE COLE |

## NOTICE OF REMOVAL

TO:    Clerk of the Court
United States District Court
Northern District of Illinois
Eastern Division
219 S. Dearborn Street
Chicago, IL 60604

Clerk of the Court
Circuit Court of Will County, Illinois
Will County Court House
The Office of the Circuit Clerk
14 W. Jefferson Street
Joliet, IL 60432

Kevin J. Golden
Patrick E. Halliday
Dudley & Lake, LLC
30 N. LaSalle, Suite 2800
Chicago, IL 60602

Defendant Windmoeller & Hoelscher Corp. hereby provides its Notice of Removal pursuant to 28 U.S.C. § 1441. The grounds for removal are as follows:

1.    On or about April 4, 2008, there was commenced and is now pending in the Circuit Court of Will County, Illinois, a certain civil action under case #08 L 262, in which

Steven Davis is the Plaintiff, and Windmoeller & Hoelscher Corp, d/b/a Garant Maschinen is the Defendant.

2.  Pursuant to 28 U.S.C. § 1446(a) plaintiff's complaint and Emergency Motion is attached to this Notice of Removal and are the sole pleadings in the aforementioned case, thus constituting the court file, copy of all process, pleadings and orders served upon defendant. (See copy of plaintiff's Complaint and Emergency Motion, attached hereto and made a part hereof as Exhibit "A").

3.  Defendant Windmoeller & Hoelscher Corp. has filed this Notice of Removal within thirty (30) days of service of the lawsuit.

4.  Defendant Windmoeller & Hoelscher Corp. is incorporated in Delaware and has its principal place of business in Lincoln, Rhode Island. (See affidavit of Walter Kaehler, attached hereto and made a part hereof as Exhibit "B").

5.  The plaintiff, Steven Davis, is a citizen of the State of Illinois.

6.  Thus, there is complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

7.  The amount in controversy also exceeds $75,000 exclusive of costs and interest. (See affidavit of David E. Kawala, attached hereto and made a part hereof as Exhibit "C"). In his Complaint, Steven Davis alleged that defendant Windmoeller & Hoelscher Corporation's product proximately caused him injuries "personal and pecuniary nature" and that "Plaintiff will continue to suffer from these injuries in the future." Plaintiff seeks damages in excess of Fifty Thousand ($50,000) Dollars.

8.  The underlying state court is one in which this court has original jurisdiction over pursuant to the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court

by the petitioner pursuant to the provisions of 28 U.S.C. § 1441 and § 1446 because the matter in controversy exceeds the sum of $75,000 exclusive of costs and interest and complete diversity exists.

9.   The defendant has given written notice of the filing of this Notice of Removal to all attorneys of record and the Clerk of the Will County Circuit Court.

Respectfully Submitted,

By:   /s/ David E. Kawala
One of the attorneys for the
Defendant
Windmoeller & Hoelscher Corp.

David E. Kawala ARDC# 6191156
Richard J. Keating, ARDC# 6229550
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 FAX
dkawala@smbtrials.com
pjohnson@smbtrials.com

PEH

## IN THE CIRCUIT COURT OF THE 12th JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

| | |
|---|---|
| STEVEN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08 L 262 |
| ) | |
| WINDMOELLER & HOELSCHER CORPORATION, ) | |
| Individually, and d/b/a GARANT MASCHINEN ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF MOTION

TO:

Windmoeller & Hoelscher Corp
23 New England Way
Lincoln, RI 02865-4252
401-333-2770-fax

Drumheller Bag Corp
PO Box 5248
1114 SW Adams St.
Peoria, IL 61601-1006
309-676-1225-fax

On April 7, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Kinney or any Judge sitting in his stead, in the Courtroom usually occupied by him in Room 311 of the Will County Circuit Court Annex, Joliet, Illinois, and shall then and there present the attached Emergency Motion Preserve Evidence.

Dudley & Lake, LLC
100 E. Cook Ave. 2nd Floor
Libertyville, IL 60048
Atty No: 39679

### PROOF OF SERVICE BY MAIL

I, Carol Rettker, a non-attorney certify; that I served this notice by faxing a copy to those above named at the above fax numbers by 5:00 p.m. on April 4, 2008.

[X]  Under penalties as provided by law pursuant to IL. REV. STAT. CHAP 110 SEC 1-109 I certify that the statements set forth herein are true and correct.

Date: 4/4/08

**PAMELA MC GUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY, ILLINOIS**

EXHIBIT A

PEH

### IN THE CIRCUIT COURT OF THE 12th JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

| | |
|---|---|
| STEVEN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. |
| ) | |
| WINDMOELLER & HOELSCHER CORPORATION, ) | |
| Individually, and d/b/a GARANT MASCHINEN ) | |
| ) | |
| Defendant. ) | |

### EMERGENCY MOTION

NOW COMES the plaintiff, STEVEN DAVIS, and pursuant to Rule 4.05 of the Rules of the 12th Circuit Court of Will County, applies to the Court for emergency motion relief upon an *ex parte* basis as follows:

1. The plaintiff, STEVEN DAVIS, was an employee of Drumheller Bag Corporation and was injured at its plant located at 1114 SW Adams, located in Peoria, Illinois 61601.

2. A cause of action has accrued in favor of plaintiff sounding in negligence/products liability as more fully set forth in the lawsuit filed on behalf of the plaintiff, attached and marked as Exhibit A.

3. The plaintiff is informed and does believe that the machine at issue an "amv 2160" in the lawsuit is at 1114 SW Adams in Peoria, Illinois, has not been moved and is still present in the Drumheller plant.

4. The plaintiff respectfully requests that an order be entered upon Drumheller Bag Corp., owner of the plant and machine, and WINDMOELLER & HOELSCHER and/or GARANT MASCHINEN, the manufacturer of the machine at the building located at 1114 SW Adams, Peoria, Illinois, requiring them to maintain, without removing, altering, repairing or

making changes to the machine at issue and any other evidence in the machine's location at the aforesaid location and allow the plaintiff to inspect the premises and the machine within the next thirty days.

5. The plaintiff respectfully submits that if the relief sought herein is granted, no prejudice shall accrue to any of the parties or potential parties involved in the above-captioned case.

6. The plaintiff fears that in the event the relief sought herein is not granted, that the disposal of the machine or modification of the evidence may occur causing prejudice to the plaintiff to properly investigate the incident which occurred on July 16, 2007.

WHEREFORE, plaintiff, STEVEN DAVIS, respectfully moves that an order be entered upon the owner of the premesis, DRUMHELLER BAG CORPORATION and defendant WINDMOELLER & HOELSCHER d/b/a GARANT MASCHINEN, that it maintain the machine known as "amv 2160 tuber" and any other evidence in the room in which it is contained at the building located at 1114 SW Adams Peoria, Illinois, without change or alteration until further of the court.

Respectfully submitted,

By: _____
*Attorneys for plaintiff*

Kevin J. Golden
Patrick E. Halliday
**DUDLEY & LAKE**
30 N. LaSalle, Suite 2800
Chicago, IL 60602
(312) 363-6300

PEH

IN THE CIRCUIT COURT OF WILL COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION



2008 APR -4 AM 9:06 FILED

08 L 262

STEVEN DAVIS, )
 )
      Plaintiff, )
 )
v. )
 )
WINDMOELLER & HOELSCHER CORPORATION, )
a Foreign Corporation, Individually and )
d/b/a GARANT MASCHINEN, )
 )
      Defendant. )

## COMPLAINT AT LAW

NOW COMES the plaintiff, STEVEN DAVIS, by and through his attorneys, DUDLEY & LAKE, LLC, and complaining of the defendant, WINDMOELLER & HOELSCHER CORPORATION d/b/a GARANT MASCHINEN (hereinafter referred to as WINDMOELLER), and states as follows:

### COUNT I
(Negligence v. Windmoeller & Hoelscher Corporation)

1. On and before July 16, 2007, the defendant, WINDMOELLER, a Foreign Corporation was conducting business in Illinois and maintained a sales office in the City of Joliet, County of Will, State of Illinois.

2. On and before July 16, 2007, the defendant, WINDMOELLER, conducted and continues to conduct business in Will County, Illinois at an office located at 306 Harvard Ct., Joliet, IL 60604.

3. On and before July 16, 2007, the defendant, WINDMOELLER, was engaged in the business of designing, manufacturing, distributing, refurbishing, selling and re-selling an industrial machine otherwise known as the "amv 2160 tuber."

arrangement set for 7-23-08 9:00 am/pm

Kim od ...... County Court Annex

4.  On and before July 16, 2007, the defendant, WINDMOELLER, manufactured and sold a machine otherwise known as an "amv 2160 tuber" to Drumheller Bag Corporation located at 1114 SW Adams, City of Peoria, County of Peoria, State of Illinois.

5.  On, before and subsequent to July 16, 2007, the defendant, WINDMOELLER, performed any and all maintenance, alterations and/or repairs the "amv 2160" at the Drumheller Bag Corporation plant located at 1114 S.W. Adams City of Peoria, County of Peoria, State of Illinois.

6.  On and before July 16, 2007, the defendant, WINDMOELLER, controlled and supervised any and all modifications, alterations and/or repairs to the "amv 2160," in the plant located at 1114 SW Adams, City of Peoria, County of Peoria, State of Illinois.

7.  On and before July 16, 2007, and at times material hereto, the defendant, WINDMOELLER, had a duty to perform any and all modifications, alterations, and/or repairs to ensure proper function and reasonably safe operation of the "amv 2160."

8.  On and before July 16, 2007, the plaintiff, STEVEN DAVIS, was employed by Drumheller Bag Corporation and was working as a tuber running the amv 2160 in the building located at 1114 SW Adams, City of Peoria, County of Peoria, State of Illinois.

9.  On July 16, 2007, the plaintiff, STEVEN DAVIS, was working as a "tuber" and was in the process of cleaning and/or "greasing" the rollers of the "amv 2160" at the aforesaid address.

10. At the aforesaid date and time, the plaintiff, STEVEN DAVIS, was performing his duties in a reasonable and foreseeable manner, cleaning and/or greasing the rollers of the "amv 2160" with the assistance of a fellow employee.

11. On July 16, 2007, the plaintiff, STEVEN DAVIS, attempted clean and/or grease the rollers of the machine and as he began to do so, the machine malfunctioned pinching his hand causing severe injuries to Plaintiff's hand.

12. On and before July 16, 2007, the defendant, WINDMOELLER, by and through its agents, representatives and/or employees, was negligent in one or more of the following respects:

    a. Failed to properly and adequately maintain the "amv 2160;"

    b. Failed to properly and adequately make necessary alterations to the "amv 2160" prior to its sale and subsequent thereto.

    c. Failed to properly and adequately make necessary repairs to the "amv 2160" in order to prevent malfunction and/or injury;

    d. Negligently repaired and altered the "amv 2160" machine;

    e. Negligently designed, manufactured, distributed and sold the aforesaid "amv 2160" tuber with a defective system to guard against injury to the workman cleaning the rollers on the machine;

    f. Failed to properly inspect the "amv 2160" to identify any and all defects which were present on the machine;

    g. Negligently allowed the continued operation of the "amv 2160" subsequent to it continued malfunction;

    h. Negligently designed, manufactured, distributed and sold the aforesaid "amv 2160" tuber without the proper warnings regarding the risk of injury while cleaning the machine.

    i. Negligently designed, manufactured, distributed and sold the "amv 2160" tuber without a proper shut off device to clean the roller system;

3

j.  Was otherwise negligent and careless in maintenance, alteration and/or repair of the "amv 2160."

13. As a proximate result of one or more of the aforesaid negligent acts and/or omissions by the defendant, WINDMOELLER, the plaintiff, STEVEN DAVIS, suffered injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, STEVEN DAVIS, demands judgment against the defendant, WINDMOELLER & HOELSCHER CORPORATION d/b/a GARANT in the sum in excess of FIFTY ($50,000) DOLLARS.

## COUNT II
### (Products Liability v. Windmoeller & Hoelscher)

1 - 11. Plaintiff re-alleges and adopts paragraphs 1 - 11 of Count I as and for paragraphs 1 through 11 of this Count II.

12. On and before July 16, 2007, and at all relevant times hereto, it was the duty of the WINDMOELLER, to furnish a product in a reasonably safe condition when put to a use that was reasonably foreseeable.

13. On and before July 16, 2007, and at the time it left the control of the Defendant, WINDMOELLER, the aforesaid "amv 2160" which had been designed, manufactured, distributed, refurbished and sold by Defendants, was in a condition which made it unreasonably dangerous in one or more of the following respects:

a.  The "amv 2160" failed to conform to the specifications originally required and contemplated when purchased by Drumheller;

b.  Negligently designed, manufactured, distributed and sold the aforesaid "amv 2160" tuber with a defective system to guard against injury to the workman cleaning the rollers on the machine;

    c. Failed to provide adequate warnings of the dangerous condition and propensities of the "amv 2160";

    d. Failed to give adequate instruction on the safe installation and operation of the "amv 2160";

    e. The "amv 2160" was defective in its design, build, manufacture, construction, and refurbished condition at the time of the sale to Drumheller;

    f. Failed to properly inspect the "amv 2160" to identify any and all defects which were present on the machine;

    g. Negligently allowed the continued operation of the "amv 2160" subsequent to it continued malfunction;

    h. Negligently designed, manufactured, distributed and sold the aforesaid "amv 2160" tuber without the proper warnings regarding the risk of injury while cleaning the machine;

    i. Failed to design, manufacture, distribute and sell the aforementioned "amv 2160" tuber in accordance with the safety standards accepted within the industry;

    j. Negligently designed, manufactured, distributed and sold the "amv 2160" tuber without a proper shut off device to clean the roller system;

14. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions, Plaintiff, STEVEN DAVIS, suffered permanent and severe injuries of a personal and pecuniary nature. Plaintiff will continue to suffer from these injuries in the future.

      Pursuant to Illinois Supreme Court Rule 222(b), the undersigned counsel for the plaintiff avers that the money damages herein sought exceed FIFTY THOUSAND ($50,000.00) DOLLARS.

                                    Respectfully submitted,

                                    By:_____
                                        *One of the Attorneys for Plaintiff*

Kevin J. Golden  
Patrick E. Halliday  
DUDLEY & LAKE LLC  
30 N. LaSalle, Suite 2800  
Chicago, Illinois 60602  
(312) 263-6300

6

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

STEVEN DAVIS,                                )
                                             )
        Plaintiff,                           )
                                             )   No.
v.                                           )
                                             )
WINDMOELLER & HOELSCHER CORPORATION,         )
Individually, and d/b/a GARANT MASCHINEN     )
                                             )
        Defendant.                           )

### AFFIDAVIT OF WALTER KAEHLER

I, Walter Kaehler, first duly sworn upon oath, deposes and states that if called as a witness in these proceedings would testify competently and based upon my own personal knowledge as to the following facts:

1. I am the Corporate Controller for Windmoeller & Hoelscher Corporation and in that capacity I have knowledge concerning the business operations of Windmoeller & Hoelscher Corporation.

2. Windmoeller & Hoelscher Corporation is a Delaware Corporation that maintains its principal place of business in Lincoln, Rhode Island in the county of Providence Plantations.

3. Windmoeller & Hoelscher Corporation does not maintain any offices or other facilities in Will County, Illinois.

FURTHER AFFIANT SAYETH NOT.

_____
Walter Kaehler, Corporate Controller

Subscribed and Sworn to
before me this 18th day of
April, 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
JoAnn Rundles
Notary Public, State of Illinois
My Commission Expires June 23, 2008



EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN DAVIS,                    )<br>                                  )<br>        Plaintiff,                )<br>                                  )      No.<br>v.                                )<br>                                  )<br>WINDMOELLER & HOELSCHER CORPORATION, )<br>Individually, and d/b/a GARANT MASCHINEN )<br>                                  )<br>        Defendant.                 ) | |

### AFFIDAVIT OF DAVID E. KAWALA

David E. Kawala, being first duly sworn on oath, deposes and states as follows:

1.  I am a licensed attorney in the State of Illinois. I have been practicing law in the Chicago area since 1985. My practice primarily is in the areas of product liability and negligence involving serious personal injuries.

2.  I have reviewed the allegations of plaintiff's complaint and, based upon my experience involving similar claims, I believe the matter in controversy is in excess of $75,000.

FURTHER AFFIANT SAYETH NOT.

_____
David E. Kawala

SUBSCRIBED AND SWORN TO
before me this /6th day of
April, 2008.

_____

[Notary Seal: OFFICIAL SEAL / LINDA M SHOCKLEY / NOTARY PUBLIC - STATE OF ILLINOIS / MY COMMISSION EXPIRES:11/29/11]


EXHIBIT C